UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHARLES J. HARDIN,

    Plaintiff,

    v.      CAUSE NO. 3:23-CV-754-HAB-SLC

JAMES R. HEUER, MATTHEW J.
RENTSCHLER, KARLI HENDRY, and
CINDY DOOLITTLE,

    Defendants.

## OPINION AND ORDER

Charles J. Hardin, a prisoner without a lawyer, filed a complaint. ECF 2. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Hardin alleges that the prosecutor, judge, court reporter, and court clerk who handled his Indiana state criminal case violated his constitutional rights by falsifying and erasing portions of the official record in an attempt to conceal his unlawful conviction. ECF 2. In 2005, Hardin was found guilty of burglary, robbery, and aggravated battery, and is currently serving a combined seventy-year sentence. *State v.*

*Hardin*, No. 92C01-0504-FA-000069 (Whitley Cir. Ct. decided Oct. 10, 2005), docket sheet available for viewing at mycase.in.gov. He did not pursue a direct appeal. In July 2021, Hardin filed a motion in his criminal case for a copy of the court transcripts to prepare a petition for post-conviction relief. *Id.* Hardin filed his PCR petition on April 21, 2022, and it remains pending. *Hardin v. State*, No. 92C01-2204-PC-000309 (Whitley Cir. Ct. filed Apr. 21, 2022); *see also Hardin v. State*, 211 N.E.3d 523 (Ind. Ct. App. 2023) (unpublished) (reversing summary dismissal of petition and remanding for further proceedings). Hardin alleges that after he asked for the transcripts, the defendants reviewed the official taped court hearings and "decided to falsify and erase certain portions of these records for the purpose of covering up the unlawful and unconstitutional conviction of Hardin in this case of action." ECF 2 at 3.

The conviction that Hardin alleges is unlawful is still intact. A prisoner cannot challenge his ongoing detention or conviction in a civil rights action under 42 U.S.C. § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 488 (1973) (habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement). As a general rule, "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Here, challenging the accuracy of the trial

record would necessarily call into question Hardin's continuing imprisonment. *See Mockbee v. Lee*, No. 20-2004, 2021 U.S. App. LEXIS 37068 (7th Cir. Dec. 15, 2021) (unreported) ("A determination that the judge, court reporter, and two prosecutors conspired to tamper with the docket and hearing transcripts would 'necessarily imply the invalidity' of his conviction." (quoting *Heck*, 512 U.S. at 487)).

Here, Hardin's conviction has not been reversed, expunged, declared invalid, or called into question. This case is thus barred by *Heck*. Ordinarily, the court should give a *pro se* litigant an opportunity to cure his defective pleadings before dismissing the case. *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1025 (7th Cir. 2013). However, the court is not required to grant leave to amend where such action would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). That is the case here. The court finds no basis to conclude that, if given another opportunity to plead his claims, Hardin could overcome the *Heck* bar. *See Morgan v. Schott*, 914 F.3d 1115, 1120 (7th Cir. 2019) ("The favorable-termination rule [in *Heck*] is more than a procedural hurdle that plaintiffs can skirt with artful complaint drafting . . . . Rather, it is grounded in substantive concerns about allowing conflicting judgments.").

For these reasons, the court DISMISSES this action WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915A.

SO ORDERED on September 28, 2023.

       s/ *Holly A. Brady*
       CHIEF JUDGE HOLLY A. BRADY
       UNITED STATES DISTRICT COURT